JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John D. Familetti, Jr.

**DEFENDANTS**
Devon Preparatory School, Inc.

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product — Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability — ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & — Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander — Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' — Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability — ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine — Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product — Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability — **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle — ☐ 371 Truth in Lending | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability — ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal — Property Damage | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury — ☐ 385 Property Damage | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - — Product Liability | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | Leave Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment — ☐ 510 Motions to Vacate | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ — Sentence | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations — ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - — ☐ 535 Death Penalty | | 26 USC 7609 | Act/Review or Appeal of |
| | Employment — **Other:** | **IMMIGRATION** | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - — ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | Other — ☐ 550 Civil Rights | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 448 Education — ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq.; 29 U.S.C. §623, et seq.; 43 P.S. § 951, et seq.
Brief description of cause:
Plaintiff was discriminated against because of his disability and age.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   02/21/2026

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Devon, PA
_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same    Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

***A.*** ***Federal Question Cases:***

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Wage and Hour Class Action/Collective Action
☐ 6.   Patent
☐ 7.   Copyright/Trademark
☐ 8.   Employment
☐ 9.   Labor-Management Relations
☒ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **see certification below**
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

***B.*** ***Diversity Jurisdiction Cases:***

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify)*:_____
☐ 7.   Products Liability
☐ 8.   All Other Diversity Cases:  *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| John D. Familetti, Jr. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Devon Preparatory School, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 2/21/2026 | *Kathei C. Oeltjen* | Plaintiff, John D. Familetti, Jr. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JOHN D. FAMILETTI, JR.<br>Narberth, PA 19072<br><br>*Plaintiff*,<br><br>v.<br><br>DEVON PREPARATORY SCHOOL, INC.<br>363 N. Valley Forge Road<br>Devon, PA 19333<br><br>*Defendant*. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, John D. Familetti, Jr., brings this action against his former employer, Devon Preparatory School, Inc. ("Defendant"), for discriminating against him based upon his disability (including history of and regarded as) and his age (68 at the time of termination). Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment and terminating Plaintiff shortly after he disclosed his serious medical condition, while retaining substantially younger and nondisabled employees in positions for which Plaintiff was qualified.

Plaintiff brings his claims pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623, *et seq.* ("ADEA"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks injunctive and declarative relief, damages, including economic losses, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

II.    **PARTIES**

1.    Plaintiff, John D. Familetti, Jr., is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Narberth, Pennsylvania.

2.    Plaintiff was born in March 1955 and was age sixty-eight (68) when he was terminated by Defendant.

3.    At all times material hereto, Plaintiff was a qualified individual with a disability within the meaning of the laws at issue, in that he suffered from a mental and/or physical impairment which substantially limited one or more major life activities, had a record of such impairment, and/or was regarded or perceived by Defendant as having such impairment.

4.    Defendant, Devon Preparatory School, Inc., is a corporation organized under the laws of the Commonwealth of Pennsylvania.

5.    Defendant maintains its principal place of business at 363 N. Valley Forge Road, Devon, Pennsylvania 19333.

6.    Defendant is a Catholic, all-male college preparatory school divided into a middle school and an upper school, both located on the same twenty (20)-acre campus in Devon, Pennsylvania.

7.    Defendant is engaged in an industry affecting interstate commerce, and regularly does business in Pennsylvania.

5.    At all times material hereto, Plaintiff worked out of Defendant's school in Devon, Pennsylvania.

6.    At all times material hereto, Defendant employed twenty (20) or more employees.

7.      At all times material hereto, Defendant acted by and through its authorized agents, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III.    JURISDICTION AND VENUE

13.     The causes of action which form the basis of this matter arise under the ADA, the ADEA, and the PHRA.

14.     This Court has jurisdiction over Counts I (ADA) and II (ADEA) pursuant to 28 U.S.C. § 1331.

15.     This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

18.     On or about March 7, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

19.     On or about November 25, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

20.     Plaintiff is filing this Complaint within ninety (90) days of receiving the EEOC's Notice of Right to Sue.

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

22.     Plaintiff began working at Defendant on or about August 24, 2020.

23.     Plaintiff was born on March 30, 1955.

24.     Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

25.     Plaintiff last held the position of Food Service Manager.

26.     Plaintiff last reported to Mark Aquilante (age 48)[1], Director of Student Affairs.

27.     Aquilante reported to Nelson Henao (age 59), Headmaster.

28.     Aquilante had no role in hiring Plaintiff.

29.     Plaintiff was, to his knowledge, the oldest employee directly reporting to Aquilante.

30.     Plaintiff was, to his knowledge, the only disabled employee directly reporting to Aquilante.

31.     On August 1, 2023, Plaintiff began experiencing a variety of symptoms, including extreme fatigue, muscle weakness, knee pain, internal shakiness, difficulty concentrating and memory issues, and irritability.

---

[1] All ages referenced herein are approximations that have been made to the best of Plaintiff's information and belief.

32.    On August 26, 2023, Plaintiff was taken to the emergency room and was hospitalized for adrenal insufficiency. Plaintiff underwent intravenous steroid treatment.

33.    On August 27, 2023, in a phone call with Jennifer Hardie (age 60), Parent and Engagement Coordinator, Plaintiff stated that he had been taken to the emergency room and was hospitalized for adrenal insufficiency.

34.    Plaintiff stated to Hardie that he was undergoing intravenous steroid treatment.

35.    Hardie told Plaintiff that she would notify Aquilante of his situation.

36.    On August 27, 2023, following the above, Plaintiff was discharged from the hospital.

34.    On August 28, 2023, Plaintiff returned to work.

35.    On September 6, 2023, Plaintiff had a magnetic resonance imaging ("MRI") scan performed.

36.    Plaintiff was told that he had a possible pituitary tumor and that he should meet with a neurosurgeon for an evaluation.

37.    Defendant was aware that Plaintiff underwent an MRI and was out of work for half of the day for the same.

38.    In subsequent conversations with Hardie, Plaintiff told her that he was continuing to experience symptoms of extreme fatigue, shakiness, and achiness in his legs due to his medical condition.

39.    On or about September 12, 2023, in a meeting with Karina Ovalles (age 35), Food Service Worker, and Eric Gaither (age 59), Dishwasher, Plaintiff stated that he may have a pituitary tumor.

40.    On September 18, 2023, in a meeting with Aquilante and Patrick Kane (age 47), Director of External Operations, they acknowledged Plaintiff's medical condition and stated that Defendant could not afford to have anyone leave.

41.    On or about September 20, 2023, in a meeting with Aquilante and Hardie, Plaintiff stated that he was told that he may have a pituitary tumor.

42.    On September 21, 2023, in an email from Aquilante, he stated: "I know you are going through so much and feel so bad for how things have gone with your health. I can't imagine how tough things are for you. We are here to help take the pressure off and support you where we can. I'm going to make more of an effort to get down there and check in."

43.    On September 25, 2023, Plaintiff was out of work for a medical appointment with his neurosurgeon.

44.    Defendant was aware that Plaintiff was out of work for a medical appointment with his neurosurgeon on September 25, 2023.

45.    On October 3, 2023, Plaintiff was out of work for a medical appointment with his pituitary doctor. Defendant was aware of the same.

46.    Defendant was aware that Plaintiff was out of work for a medical appointment with his primary doctor on October 3, 2023.

47.    In October 2023, Plaintiff told Aquilante that it appeared that he did not have a pituitary tumor but that he had been diagnosed with adrenal insufficiency.

48.    Adrenal insufficiency is a serious endocrine disorder where the adrenal glands cannot produce sufficient cortisol and/or aldosterone.

49.    Plaintiff told Aquilante that he was experiencing symptoms related to the cortisone shots he received to treat his adrenal insufficiency.

50.    Aquilante appeared dismissive of Plaintiff.

51.    After Plaintiff disclosed his medical condition to Defendant, Plaintiff was treated in a hostile and dismissive manner, differently and worse than younger and/or nondisabled employees were treated.

46.    Plaintiff was ignored by management.

47.    Plaintiff's performance was unjustly criticized.

48.    On January 11, 2024, in a meeting with Aquilante and Chris Moltz (age 59), Manager of Finance and Administration, Defendant terminated Plaintiff's employment, effective immediately.

49.    Defendant's stated reason for terminating Plaintiff was that Defendant was going in a different direction.

50.    Plaintiff was the only employee reporting to Aquilante who was terminated effective January 11, 2024.

51.    In addition to Plaintiff, the following employees directly reported to Aquilante at the time of Plaintiff's termination:

a.    Karina Ovalles (age 35), Food Service Worker;

b.    Eric Gaither (age 59), Dishwasher; and

c.    Jennifer Hardie (age 60), Parent and Engagement Coordinator.

52.    Following Plaintiff's termination, Defendant hired Corey Mandel (age 35), Cook.

53.    Defendant assigned Plaintiff's job duties and responsibilities to younger and/or nondisabled employees, including Mandel (age 35).

54.     Plaintiff was more qualified to perform his position than the substantially younger, nondisabled employees to whom Defendant assigned his job duties and responsibilities, including Mandel (age 35).

55.     None of Defendant's substantially younger, nondisabled employees were terminated.

56.     Defendant retained nondisabled and/or substantially younger employees in positions for which Plaintiff was qualified.

57.     Plaintiff received no explanation as to why he was terminated and the younger and/or nondisabled employees were retained.

58.     Plaintiff had no disciplinary or performance issues throughout his employment.

59.     Defendant did not offer Plaintiff a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating his employment.

60.     At all times material hereto, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

61.     In terminating Plaintiff, Defendant failed to accommodate his disability.

62.     Defendant's comments and conduct evidence a bias against disabled and/or older employees.

63.     Defendant subjected Plaintiff to a hostile work environment because of his disability and/or his age.

64.     The discriminatory conduct of Defendant as alleged herein was sufficiently severe and/or pervasive so as to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

65.     Plaintiff's age was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including, without limitation, in connection with its decision to terminate Plaintiff's employment.

66.     Plaintiff's disability, including his record of disability and Defendant's regarding him as having a disability, was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including, without limitation, in connection with its decision to terminate Plaintiff's employment.

67.     Defendant's disability and/or age discriminatory conduct toward Plaintiff has caused him emotional distress.

65.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

## COUNT I - ADA

66.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

67.     Defendant discriminated against Plaintiff based on his actual disability, a record of disability, and being regarded as having a disability.

68.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADA.

69.     Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

9

66.    As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

67.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

68.    No previous application has been made for the relief requested herein.

## COUNT II - ADEA

72.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

73.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

74.    Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

75.    As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

76.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

77.    No previous application has been made for the relief requested herein.

## COUNT III - PHRA

78.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

79.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PHRA.

80.    As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

81.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

82.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a.   declaring the acts and practices complained of herein to be in violation of the ADA;

b.   declaring the acts and practices complained of herein to be in violation of the ADEA;

c.   declaring the acts and practices complained of herein to be in violation of the PHRA;

d.   entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

e.  enjoining and permanently restraining Defendant from continuing the violations alleged herein;

f.  awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's unlawful conduct (back pay and front pay);

g.  awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

h.  awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

i.  awarding liquidated damages to Plaintiff under the ADEA;

j.  awarding punitive damages to Plaintiff under the ADA;

k.  awarding Plaintiff such other damages as are appropriate under the ADA, the ADEA, and the PHRA; and

l.  granting such other and further relief as this Court may deem just, proper, or equitable.


**CONSOLE MATTIACCI LAW, LLC**

Dated: <u>February 21, 2026</u>

By:     <u>*/s/ Katherine C. Oeltjen, Esq.*</u>
Katherine C. Oeltjen, Esq.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
oeltjen@consolelaw.com

*Attorney for Plaintiff, John D. Familetti, Jr.*

12

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

| | | |
|---|---|---|
| COMPLAINANT: | : | |
| | : | |
| **JOHN D. FAMILETTI, JR.** | : | Docket No. |
| | : | |
| v. | : | |
| | : | |
| RESPONDENT: | : | |
| | : | |
| **DEVON PREPARATORY SCHOOL INC.** | : | |

1. The Complainant herein is:

   Name:        <u>John D. Familetti, Jr.</u>

   Address:      <span style="background:black;color:red">redacted</span>
   Narberth, PA 19072

2. The Respondent herein is:

   Names:       <u>Devon Preparatory School Inc.</u>

   Address:      363 N. Valley Forge Road
   Devon, PA 19333

3. I, <u>John D. Familetti, Jr.</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as) and my age (68), as set forth below.

### Discrimination

**A. I specifically allege:**

[1]      I began working at Respondent on or about August 24, 2020.

[2]      My birth date is March 30, 1955.

1

[3]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]     I last held the position of Food Service Manager.

[5]     I last reported to Mark Aquilante (48[1]), Director of Student Affairs. Aquilante reported to Nelson Henao (59), Headmaster.

[6]     I was, to my knowledge, the oldest employee directly reporting to Aquilante.

[7]     I was, to my knowledge, the only disabled employee directly reporting to Aquilante.

[8]     On August 1, 2023, I began experiencing a variety of symptoms, including extreme fatigue, muscle weakness, knee pain, internal shakiness, difficulty concentrating/memory, and irritability.

[9]     On August 26, 2023, I was taken to the emergency room and was hospitalized for adrenal insufficiency. I had to undergo intravenous steroids.

[10]     On August 27, 2023, in a phone call with Jennifer Hardie (60), Parent and Engagement Coordinator, I stated that I had been taken to the emergency room and that I was hospitalized for adrenal insufficiency. I stated that I was undergoing intravenous steroids. She told me that she would notify Aquilante of my situation. I stated that I did not know how long I would be in the hospital.

[11]     On August 27, 2023, following the above, I was discharged from the hospital.

[12]     On August 28, 2023, I returned to work.

---

[1] References herein to an employee's age and/or disability are to the best of my knowledge.

[13]     On September 6, 2023, I underwent an MRI.  I was told that I had a possible pituitary tumor and that I should meet with a neurosurgeon for an evaluation.

[14]     Respondents were aware that I underwent an MRI and that I was out of work for a half day for the same.

[15]     In conversations with Hardie, I told her that I was continuing to experience symptoms of extreme fatigue, shakiness, and achiness in my legs due to my medical condition.

[16]     On or about September 12, 2023, in a meeting with Karina Ovalles (35), Food Service Worker, and Eric Gaither (59), Dishwasher, after I heard that they were upset about my demeanor, I apologized for the same and stated that I had found out that I may have a pituitary tumor.

[17]     On September 18, 2023, in a meeting with Aquilante and Patrick Kane (47), Director of External Operations, they acknowledged my medical condition and stated that Respondent could not afford to have anyone leave.

[18]     On or about September 20, 2023, in a meeting with Aquilante and Hardie, I stated that I was told that I may have a pituitary tumor.

[19]     On September 21, 2023, in an email from Aquilante, he stated: "I know you are going through so much and feel so bad for how things have gone with your health. I can't imagine how tough things are for you. We are here to help take the pressure off and support you where we can. I'm going to make more of an effort to get down there and check in."

[20]     On September 25, 2023, I was out of work for a medical appointment with my neurosurgeon.  Respondents were aware of the same.

3

[21]    On October 3, 2023, I was out of work for a medical appointment with my pituitary doctor. Respondents were aware of the same.

[22]    In October 2023, I told Aquilante that it appeared that I did not have a pituitary tumor but that I had been diagnosed with adrenaline insufficiency, and I was experiencing symptoms related to cortisone shots I underwent. He appeared dismissive of me.

[23]    After I disclosed my medical condition to Respondent, I was treated in a hostile and dismissive manner, differently and worse than younger and/or nondisabled employees were treated.

[24]    I was ignored.

[25]    My performance was unjustly criticized.

[26]    On January 11, 2024, in a meeting with Aquilante and Chris Moltz (59), Manager of Finance and Administration, Respondent terminated my employment, effective immediately. The stated reason was that Respondent was going in a different direction.

[27]    Respondent terminated my employment because of my disability and/or my age.

[28]    I received no explanation as to why I was terminated and the younger and/or nondisabled employees were retained.

[29]    I was the only employee reporting to Aquilante who was terminated effective January 11, 2024.

[30]    In addition to me, the following employees directly reported to Aquilante at the time of my termination.

(a) Karina Ovalles (35), Food Service Worker;

(b) Eric Gaither (59), Dishwasher;

4

(c) Jennifer Hardie (60), Parent and Engagement Coordinator.

[31]     Following my termination, Respondent hired Corey Mandel (35), Cook.

[32]     Respondent assigned my job duties and responsibilities to younger and/or nondisabled employees, including Mandel (35).  I was more qualified to perform my position than the substantially younger, nondisabled employees to whom Respondent assigned my job duties and responsibilities, including Mandel.

[33]     None of the substantially younger, nondisabled employees were terminated.

[34]     Respondent retained nondisabled and/or substantially younger employees in positions for which I was qualified.

[35]     I had no disciplinary or performance issues throughout my employment.

[36]     Respondent did not offer me a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating my employment.

[37]     Respondent subjected me to a hostile work environment because of my disability and/or my age.

[38]     Respondent's disability and age discriminatory conduct toward me has caused me emotional distress.

[39]     Respondent's comments and conduct evidence a bias against disabled and/or older employees.

**B.**  Respondent has discriminated against me because of my disability (including history of and regarded as) and my age (68), in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act,

as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"),

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   __X__    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

____    Section 5.1 Subsection(s) _____

____    Section 5.2 Subsection(s) _____

____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   __X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_3/7/27_
(Date Signed)

(Signature)    John D. Familetti, Jr.
redacted
Narberth, PA 19072

7

Exhibit "2"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

### (This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   John Familetti
redacted
Narberth, PA 19072

**Re:**   John Familetti v. Devon Preparatory School, Inc.
EEOC Charge Number:  17F-2024-60521

EEOC Representative and email:     State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  11/25/2025

Karen McDonough
Deputy District Director

cc:       For Respondent                              For Charging Party
Dean F Falavolito                          Andrew Sarrol Esq.
O'Hagan Meyer                            Console Mattiacci Law
1717 Arch Street Suite 3910            110 Marter Avenue- Suite 502
Philadelphia, PA 19103                  Moorestown, NJ 08057